[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11562
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-20626-JEM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO COOK,
a.k.a. Mondo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 6, 2017)

Before JORDAN, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Armando Cook appeals his concurrent 151-month sentences, imposed after he pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).  He contends that the district court erred by denying his request for a downward departure from his criminal history category.  He argues that his criminal history category of VI overstates his criminal history because he had convictions of only minor violations for an extended period before the investigation into the offenses at issue began.

We review *de novo* our subject-matter jurisdiction.  *United States v. Moran*, 778 F.3d 942, 982 (11th Cir.), *cert. denied*, 136 S. Ct. 268 (2015).  We "lack jurisdiction to review a district court's discretionary refusal to grant a downward departure unless the district court incorrectly believed that it lacked the authority to depart."  *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir.), *cert. denied*, 137 S. Ct. 254 (2016).

A district court is not required to state on the record that it believes it does have the authority to depart.  *United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006).  "We will assume the sentencing court properly understood its authority [to depart] absent a record indication to the contrary."  *Moran*, 778 F.3d at 982

2

(assuming that a district court understood its authority to depart where the court "did not express a belief that it lacked authority to depart"); *see also Croteau*, 819 F.3d at 1310 (concluding that the record demonstrated a district court fully understood its authority to depart where the court listened to arguments and testimony on departure before denying a departure request).

"If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." U.S.S.G. § 4A1.3(b)(1), p.s. A downward departure for a career offender may not exceed one criminal history category. *Id.* § 4A1.3(b)(3)(A), p.s.

We lack jurisdiction to review the district court's discretionary denial of Cook's request for a downward departure. *See Croteau*, 819 F.3d at 1310. The district court had discretion to depart by one criminal history category because Cook was sentenced as a career offender. *See* U.S.S.G.§ 4A1.3(b)(1), (3)(A), p.s. But the record does not reflect that the district court incorrectly believed it lacked the authority to grant such a departure, and we therefore assume the district court properly understood its authority to depart. *See Moran*, 778 F.3d at 982. Accordingly, we affirm Cook's concurrent 151-month sentences.

**AFFIRMED.**

3